IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK NEWHALL WOODS, | No. 10-02104 CW |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| TERRI GONZALEZ, Acting Warden, | |
| Respondent. | |

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 in which Petitioner Frederick Newhall Woods, represented by counsel, challenges the 2009 decision of the Board of Parole Hearings (Board) denying him parole. Petitioner also challenges, on ex post facto grounds, the constitutionality of California's newly enacted Proposition 9. Respondent has filed an answer. Petitioner has filed a traverse and, with leave of the Court, has filed a supplemental memorandum addressing the recent Supreme Court decision, <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 862 (2011). For the reasons set forth below, the petition is DENIED.

BACKGROUND

In July 1976, Petitioner hijacked a school bus, kidnaping the driver and twenty-six children. In 1977, Petitioner plead guilty to twenty-seven separate counts of kidnaping for ransom.

Petitioner initially received concurrent sentences of life imprisonment without the possibility of parole on each count, but this was modified on appeal to reflect a life sentence with the possibility of parole.

On January 5, 2009, the Board, for the twelfth time, determined that Petitioner was unsuitable for parole, finding that he posed a threat to public safety if released from prison. Pet's Ex. B at 175-83. The Board issued a three-year parole denial, the shortest time period for a denial permitted under the newly-enacted Proposition 9. Pet's Ex. B at 183-84. On April 3, 2009, the Board modified its decision to a one-year parole denial, "in conformance with former Penal Code Section 3041.5." Resp's Ex. 11 at 1. On December 10, 2009, Petitioner received another parole consideration hearing at which the Board again found him unsuitable for parole and issued a three-year denial. Pet's. Ex. GG at 1.

In response to the Board's decision, Petitioner sought, but was denied, relief on state collateral review. This federal habeas petition followed.

## STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

2

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision.  Id. at 412.  Although only Supreme Court precedents are binding on the state courts and only those holdings need to be reasonably applied, circuit law may be persuasive authority in analyzing whether a state court unreasonably applied Supreme Court authority.  Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir. 2003).

To determine whether the state court's decision is contrary

3

to, or involved an unreasonable application of, clearly established law, a federal court looks to the decision of the highest state court that addressed the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000). In the present case, the only state court that issued a reasoned decision on Petitioner's habeas claims was the Alameda County superior court.

DISCUSSION

I. Due Process Claim

Petitioner claims that the Board's January 5, 2009 decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety, a requirement under California law. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-- and federal courts will review the application of those constitutionally required procedures." Cooke, 131 S. Ct. at 862. The procedures required are "minimal." Id. A prisoner receives adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was

4

denied." Id. "The Constitution does not require more." Greenholtz, 442 U.S. at 16.[1]

In the instant matter, Petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, that he had received his records in advance, and that he was notified as to the reasons parole was denied. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Cooke, 131 S. Ct. at 863. Petitioner's claim that the Board's decision did not comply with California's "some evidence" rule of judicial review is of "no federal concern." Id. Accordingly, Petitioner's due process claim is denied.

II. Ex Post Facto Claim

Petitioner argues that Proposition 9, which became effective shortly before his 2009 parole determination hearing, and which amended California Penal Code section 3041.5(b)(2), violates the ex post facto prohibition, both on its face and as applied to him.

Article I, Section 10, of the United States Constitution prohibits the states from passing any ex post facto law. The Ex Post Facto Clause "is aimed at laws 'that retroactively alter the definition of crimes or increase the punishment for criminal

---

[1] In a supplemental memorandum, Petitioner proffers several arguments for the proposition that Cooke does not apply to his case. The Court finds all of his arguments unpersuasive.

5

acts.'" California Dep't of Corrections v. Morales, 514 U.S. 499, 504 (1995) (quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000). The dispositive question is whether the retroactive application of the changed law regarding parole creates a significant risk of prolonging an inmate's incarceration. Id. at 251. However, when a statutory change creates only a speculative possibility of increasing the punishment for specified crimes, there is no ex post facto violation. Morales, 514 U.S. at 509. Further, the ex post facto clause "should not be employed for the micro-management of an endless array of legislative adjustments to parole and sentencing procedures." Garner, 529 U.S. at 252.

Proposition 9 significantly amended California Penal Code section 3041.5(b), the statute that governs the length of deferral of parole hearings. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011). Proposition 9 increased the minimum deferral period for holding the next parole hearing from one to three years, increased the maximum deferral period from five to fifteen years and increased the default deferral period from one to fifteen years. Id. Proposition 9 also increased the burden on the Board to impose a deferral period other than the default period. Id. Previously, the deferral period was one year unless

the Board found it was unreasonable to expect the prisoner would become suitable for parole within that year; after Proposition 9, the deferral period is fifteen years unless the Board finds by clear and convincing evidence that the prisoner will be suitable for parole in ten years, in which case the deferral period is ten years. Id. If, by clear and convincing evidence, the Board finds the prisoner will be suitable for parole in seven years, the Board may set a three, five or seven year deferral period. Id. at 1104-05. Proposition 9 also authorizes the Board to advance a parole hearing date, on its own or at the request of the prisoner, "when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner." Id. at 1105 (citing § 3041.5(b)(4)). A prisoner is limited to one request for an advance hearing every three years. Id. Although three years is the minimum deferral period, there is no minimum period for the Board to hold an advance hearing. Id.

Petitioner claims that Proposition 9, on its face, is designed to lengthen parole-eligible prisoners' terms of incarceration and, as applied to him, did increase his risk of a longer incarceration.

A. Facial Challenge

The state habeas court, relying on California Dep't of

Corrections v. Morales and Garner v. Jones, denied Petitioner's facial challenge on the ground that he failed to show how the new law would result in lengthier sentences. Pet's Ex. EE, In re Woods, on Habeas Corpus, No. 63187A (August 27, 2009) at 11. The court noted that Proposition 9, like the parole policy examined in Garner, allows an expedited parole review if there is a change in circumstance or new information indicating that an earlier review is warranted. Id. at 11.

Petitioner argues that the state court's rejection of his facial challenge was unreasonable for failing to discern the differences between the parole policies addressed in Morales and Garner and Proposition 9. Petitioner relies on the reasoning in Gilman v. Davis, 690 F. Supp. 2d 1105 (E.D. Cal. 2010), where the district court issued a preliminary injunction in a civil rights action enjoining the Board from applying Proposition 9 because it found that the petitioners were likely to succeed on the merits of their ex post facto challenge. However, this opinion was reversed by the Ninth Circuit in Gilman v. Schwarzenegger, 638 F.3d at 1110-11, issued after briefing was completed here. In reversing, the Ninth Circuit relied on Garner, 529 U.S. at 256-57 and Morales, 514 U.S. at 512, for the proposition that the availability of expedited hearings by the Board removes any possibility of harm to prisoners who experience changes in circumstances between hearings. Gilman, 638 F.3d at 1109. The

8

Ninth Circuit noted that Proposition 9 explicitly made advance hearings available and provided that the Board's decision denying a prisoner's request for an advance hearing was subject to judicial review. Id. at 1109. The Ninth Circuit concluded that, under Proposition 9, "an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing." Id.

In light of this recent Ninth Circuit authority interpreting the same Supreme Court precedent relied upon by the state habeas court to deny Petitioner's facial challenge to Proposition 9, this Court concludes that the state court's holding was not contrary to or an unreasonable application of Supreme Court precedent. Petitioner is denied habeas relief on this ground.

B. As-Applied Challenge

Petitioner argued to the state court that the Board's three-year denial prolonged his incarceration because, at his last two parole hearings, he was given one-year denials. Petitioner pointed out that, in 2009, as at the two previous hearings, the Board told him that he was quite close to getting a parole date. The state court pointed out that Petitioner had received two disciplinary reports for possession of pornographic material after he had received the one-year deferrals. The court stated, "In contrast, at the 2009 hearing, Petitioner had incurred two CDC 115

9

disciplinary reports, and the pattern demonstrated in the rules violations was of great concern to the Board because it had a nexus to Petitioner's planning behavior before the crimes.  Thus, Petitioner has not demonstrated that it was the amendment to the statute that created the significant risk of incarceration.  Instead, based on the record here, it is unlikely that the Board would have given Petitioner a one year denial if the statute so allowed."  In re Woods, No. 63187A at 12.

Petitioner argues that the state court unreasonably applied the facts to his case because it ignored a Board commissioner's observation that Petitioner was "quite close" to being paroled and this was the same comment former panel members had made when they gave Petitioner one-year denials.

As discussed above, the Ninth Circuit in Gilman, 638 F.3d at 1109, determined that the opportunity to obtain an advance hearing by the Board would ameliorate any significant risk of a prolonged sentence because prisoners would not have to wait three years for another parole hearing.  Petitioner's as-applied challenge to Proposition 9 fails because he has not requested an advance hearing, nor has one been denied.  Petitioner cannot establish a colorable claim that Proposition 9 has created a significant risk of prolonging his incarceration.  Furthermore, because the Board reconsidered its three-year parole denial and subsequently issued a one-year denial, Petitioner cannot claim that Proposition 9

10

caused him harm.  Therefore, Petitioner's as-applied challenge to Proposition 9 fails.

## CONCLUSION

For the foregoing reasons, the state court's adjudication of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

Further, a certificate of appealability is DENIED. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.  The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: 10/12/2011

CLAUDIA WILKEN
United States District Judge

11